UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON LIZARRAGA and JAIME CARDENAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GROWERS' CHOICE, INC.; ROBERT LONGSTRETH, an individual; and DOES 1–10,<br><br>Defendants. | No. 2:19-cv-00526-TLN-DB<br><br>**ORDER** |

      Plaintiffs' Motion for an Order Granting Final Approval of Class Action Settlement ("Motion for Final Approval") came before this Court on February 10, 2022, the Honorable Troy L. Nunley presiding.  The Court has considered the papers submitted in support of the motion and hereby orders the following:

      1.     On August 6, 2021, this Court granted preliminary approval of the Settlement.  (ECF No. 33, 34.)  Plaintiffs' Motion for Final Approval was timely filed.  No objections to the Motion for Final Approval were filed.

      2.     The Court finds that the Settlement was reached after arms'-length negotiations between the Parties, including a full day mediation before experienced class action mediator Jeffrey A Ross; the Settlement occurred only after counsel for the Parties conducted adequate investigation and formal discovery; and the Settlement of this action, as embodied in the terms of the Settlement Agreement, is

finally approved as fair, reasonable, and adequate and in compliance with all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law, and in the best interests of the Class Members.

3. Plaintiffs Ramon Lizarraga and Jaime Cardenas are confirmed as Class Representatives.

4. Virginia Villegas of Villegas Carrera, Inc. and Cynthia L. Rice of California Rural Legal Assistance Foundation are confirmed as Class Counsel.

5. Simpluris Class Action Settlement Administration ("Simpluris") is confirmed as the third-party Claims Administrator.

6. Prior to granting preliminary approval, the Court evaluated the standards for Class Certification. Nothing has been raised subsequently that might affect the Court's prior analysis as to whether certification is appropriate here, and the Court has no cause to revisit that analysis. The Court finds that final certification of the following Class is appropriate under Rule 23:

> All individuals who have, or continue to, perform work for Defendants in California as non-exempt employees, at any time during the period beginning March 25, 2015 to August 6, 2021.

7. The Court reviewed the Class Notice that was proposed when the Parties sought preliminary approval of the Settlement and found it sufficient. The Court-approved Notice informed the Class Members of the Settlement terms, the claims they would be releasing if they chose to participate in the Settlement, their rights to object, opt-out, or challenge the Work Week data, and their right to appear at the Final Approval Hearing and be heard regarding the Settlement. Adequate periods of time to respond and act were provided by each of these procedures. A website was created and maintained by Simpluris which provided the Class Members the ability to obtain information regarding the Settlement.

8. The administrator sent Notice to 479 individuals on September 3, 2021. Thereafter, the administrator sent Notice to one Self-Identifying Individual. Notice was effectuated on 451 Members; 93% of the Class Members received Notice. Additionally, pursuant to the Settlement, Defendants were directed to hand out copies of a generic Class Notice in Spanish and English to all current Class Members and post the Class Notice in Spanish and English at the Defendants' corporate yard.

///

9. The Court concludes that adequate notice was provided to the Class here. *Silber v. Mabon*, 18 F.3d 1449, 1453–54 (9th Cir. 1994) (noting the court need not ensure all class members receive actual notice, only that "best practicable notice" is given); *Winans v. Emeritus Corp.*, No. 13-cv-03962-HSG, 2016 U.S. Dist. LEXIS 3212, 2016 at *3 (N.D. Cal. Jan. 11, 2016) ("While Rule 23 requires that 'reasonable effort' be made to reach all class members, it does not require that each individual actually receive notice."). The Court accepts the Administrator Declaration and finds that sufficient notice has been provided so as to satisfy Federal Rule of Civil Procedure 23(e)(1).

10. None of the Class Members have raised any valid objection to the Settlement. None of the Class Members have requested to be excluded from the Settlement. The Administrator received three challenges to the Work Week data, and all of the disputes have been resolved.

11. The Settlement contemplates a Private Attorneys General Act ("PAGA") allocation of $20,000.00, which will be distributed $15,000.00 to the Labor and Workforce Development Agency and $5,000.00 to the Class. The proposed allocation is fair and reasonable, serves the deterrent and punitive purposes of the PAGA, is within the range commonly approved by state and federal courts. Accordingly, the proposed allocation is confirmed.

12. The Court also approves payment to the Administrator in the total amount of $14,500.00 to be paid from the Settlement Distribution Amount.

13. The proposed service payment of $10,000.00 to each named Plaintiff for their service as Class Representatives is also approved.

14. Attorneys' Fees and Costs shall be decided separately, and the Court shall issue a separate order with respect to Class Counsel's Motion for An Order Granting Attorneys' Fees and Costs currently pending before this Court. (ECF No. 35.)

15. In accordance with the terms of the Settlement, as of the Effective Date, Participating Class Members will forever and completely release and discharge Defendants and Released Parties from the Released Claims.

16. Participating Class Members shall be permanently enjoined and restrained from and against initiating or pursuing against any Defendant, any individual, representative, or class claims released by this Settlement.

17. Final Judgment is hereby entered based on the Parties' Settlement. The Court retains jurisdiction, however, to enforce the terms of the Settlement and ensure that its terms and this Order are carried out.

IT IS SO ORDERED.

DATE: February 15, 2022

_____
Troy L. Nunley
United States District Judge