1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    RAMON LIZARRAGA, et al.,                    No. 2:19-cv-00526-TLN-DB

12                    Plaintiffs,

13           v.                                    **ORDER**

14    GROWERS' CHOICE, INC., et al.,

15                    Defendants.

16

17          This matter is before the Court on Plaintiffs Ramon Lizarraga and Jaime Cardenas's

18   (collectively, "Plaintiffs") Motion for Attorneys' Fees.  (ECF No. 35.)  Defendants Growers'

19   Choice, Inc., and Robert Longstreth (collectively, "Defendants") filed an opposition.  (ECF No.

20   37.)  Plaintiffs filed a reply.  (ECF No. 39.)  For the reasons set forth below, the Court GRANTS

21   in part and DENIES in part Plaintiffs' motion.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                                1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 25, 2019, Plaintiffs filed this class action lawsuit alleging Defendants violated various state and federal labor laws.  (ECF No. 35-1 at 7.)  On August 11, 2020, the parties participated in mediation and reached a settlement.  (*Id.* at 9.)  The parties were unable to agree to attorneys' fees as part of the settlement, and Plaintiffs filed the instant motion for attorneys' fees on September 2, 2021.  (ECF No. 35.)  The Court granted final approval of the settlement on February 1, 2022 and took the motion for attorneys' fees under submission.  (ECF No. 38.)

## II.   STANDARD OF LAW

In the Ninth Circuit, the starting point for determining reasonable attorneys' fees is the "lodestar" calculation, which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate.  *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).  In determining a reasonable number of hours, the Court reviews detailed time records to determine whether the hours claimed are adequately documented and whether any of the hours were unnecessary, duplicative, or excessive.  *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).  In determining a reasonable rate for each attorney, the Court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.  *Id.* at 1210–11.

In calculating the lodestar, the Court considers any relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S. 951 (1976).  *Jordan*, 815 F.2d at 1264 n.11 (noting the Ninth Circuit no longer requires a court to address every factor listed in *Kerr*).  The *Kerr* court looked to the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skilled requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar

2

1  cases. *Kerr*, 526 F.2d at 70.  To the extent the *Kerr* factors are not addressed in the calculation of

2  the lodestar, they may be considered in determining whether the fee award should be adjusted

3  upward or downward once the lodestar has been calculated.  *Chalmers*, 796 F.2d at 1212.

4  However, there is a strong presumption that the lodestar figure represents a reasonable fee

5  award. *Jordan*, 815 F.2d at 1262.  An upward adjustment of the lodestar is appropriate only in

6  extraordinary cases, such as when an attorney faced exceptional risks of not prevailing or not

7  recovering any fees. *Chalmers*, 796 F.2d at 1212.

8       **III.   ANALYSIS**

9       Plaintiffs seek attorneys' fees in the amount of $279,786.56 ($223,829.25 x a 1.25

10  multiplier) and costs in the amount of $8,859.37.  (ECF No. 35-1 at 26.)  In opposition,

11  Defendants argue Plaintiffs' motion should be denied in its entirety because the requested fees are

12  not authorized by the settlement agreement.  (ECF No. 37 at 16.)  Alternatively, Defendants argue

13  the fees should be reduced to $96,186.25.  (*Id.*)

14       At the outset, the Court rejects Defendants' argument that Plaintiffs' motion should be

15  denied in its entirety.  Defendants argue the settlement agreement requires the parties to "engage

16  in good faith efforts to negotiate . . . attorneys' fees" and Plaintiffs did not act in good faith

17  because they refused to provide counteroffers and refused to provide documentation of their

18  requested fees and costs.  (ECF No. 37 at 8–9.)  Defendants do not cite any authority to support

19  their argument.  (*See id.*)  In response, Plaintiffs argue they acted in good faith, as they sent

20  complete billing reports to Defendants on May 28, 2021 and significantly reduced their fee

21  request to address at least some of Defendants' concerns following meet and confer efforts.  (ECF

22  No. 39 at 3.)  In the absence of case law to the contrary, the Court finds Plaintiffs acted in good

23  faith based on their representations that their counsel communicated with defense counsel, sent

24  billing records, and significantly reduced their fee request during negotiations.  (ECF No. 35-2 at

25  5–6.)  Moreover, Defendants fail to persuade the Court that a lack of good faith effort on

26  Plaintiffs' part would warrant outright denial of Plaintiffs' motion, especially considering the

27  settlement agreement contemplates Plaintiffs bringing a motion for attorneys' fees "[i]n the event

28  that an agreement cannot be reached."  (ECF No. 37 at 5.)

Having found Plaintiffs acted in good faith, the Court now examines the hourly rates, hours expended, and request for a multiplier in turn.

### A.  Hourly Rates

In determining the reasonableness of hourly rates, the Court refers to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation.  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).  "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."  *Jordan*, 814 F.2d at 1263.  "Though affidavits provide satisfactory evidence of the prevailing market rate, they are not conclusive.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).  Courts rely on their own familiarity with the market in the district where the court sits.  *Ingram*, 647 F.3d at 928; *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.") (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)).

In the instant case, Plaintiffs propose rates ranging from $320 to $650 per hour for attorneys based on their experience and $100 to $125 for legal clerks and legal assistants.  (ECF No. 35-1 at 17–21.)  Defendants do not challenge these rates in their opposition.  The Court concludes Plaintiffs' requested rates are reasonable and consistent with the Eastern District's previous awards for similar work.[1]  *See, e.g.*, *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 n.1 (E.D. Cal. 2010) (approving rates of $525 for partners and $350 for an associate); *Franco v. Ruiz Food Products, Inc.*, No. 1:10-cv-02354-SKO, 2012 WL 5941801, *20 (E.D. Cal. Nov. 27, 2012) (approving rates of up to $650 for partners, $405 for associates, and $100 for legal assistants); *McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*, No. 1:16-cv-00157-DAD-JLT, 2017 WL 5665848, at *8 (E.D. Cal. Nov. 27, 2017) (awarding $350 per hour for an

---

[1]     The Court also relies on the Declarations of Cecilia Guevara Zamora and Virginia Villegas, detailing the qualifications and experience of Plaintiffs' counsel.  (*See* ECF Nos. 35-2, 35-5.)

associate attorney and $525 for a partner); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 452–53 (E.D. Cal. 2013) (awarding between $280 and $560 per hour for attorneys with two to eight years of experience, $720 per hour for an attorney with 21 years of experience, and $100 per hour for legal assistants); *Gong-Chun v. Aetna Inc.*, No. 1:09-cv-01995-SKO, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $300 and $420 per hour for associates and between $490 and $695 per hour for senior counsel and partners); *Velasco v. Mis Amigos Meat Market, Inc.*, No. 2:08-cv-0520-TLN-EFB PS, 2013 WL 5755054, at *12 n.4 (E.D. Cal. Oct. 23, 2013), *findings and recommendation adopted*, ECF No. 88 (Feb. 26, 2014) (approving a partner rate of $650 per hour, a senior associate rate of $495 per hour, and a junior associate rate of $395 per hour).

Therefore, the Court finds Plaintiffs' requested rates are reasonable and commensurate with the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation.

## B.   Hours Expended

Plaintiffs contend they have reduced the time expended by their attorneys and other employees to 736.69 hours.  (ECF No. 35-1 at 22.)  In opposition, Defendants argue the hours worked are excessive, inadequately documented, and unreasonable.  (ECF No. 37 at 10–14.)

Generally, a court should defer to counsel's professional judgment as to how much time was spent on the case.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Counsel is not required to record this time in great detail but must provide the general subject matter for the task performed.  *Hensley*, 461 U.S. at 437 n.12.  However, a court may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary.  *Cunningham v. Cnty. of L.A.*, 879 F.2d 481, 484 (9th Cir. 1988).  The party seeking the attorneys' fees bears the burden of producing documentary evidence demonstrating the number of hours spent on and rates in the litigation.  *McCown v. City of Fontana Fire Dep't*, 565 F.3d 1097, 1102 (9th Cir. 2009). The burden then shifts to the opposition to submit evidence challenging the accuracy and reasonableness of the hours charged, the facts of the affidavit, and calculations.  *Ruff v. Cnty. of Kings*, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

1    Defendants argue they have billed only 276.5 hours of attorney work on this matter, which

2    is far less than the amount of time billed by Plaintiffs' counsel. (ECF No. 37 at 10.) Defendants

3    further emphasize that this case was referred to mediation early, did not involve extensive

4    discovery or motion practice, and did not involve any depositions. (*Id.*) Defendants therefore

5    argue the Court should reduce Plaintiffs' fee request to a figure that more closely aligns with the

6    number of hours billed by Defendants. (*Id.*) Defendants specifically take issue with four

7    categories of requested fees: (1) excessive/unnecessary clerical work; (2) duplicative work; (3)

8    work associated with the instant motion; and (4) work that never came to fruition. The Court will

9    address each category in turn.

10                                 i.    *Excessive/Unnecessary Clerical Work*

11    Defendants argue Plaintiffs' billing invoices include at least 261.8 hours of work based on

12    clerical/secretarial tasks, including entries for "Accurint research fees," "postage for checks to

13    clients," and making copies. (ECF No. 37 at 11.) Defendants also argue that 254 hours were

14    billed towards an audit of Defendants' timekeeping and payroll records to assess Plaintiffs'

15    claims, yet Plaintiffs fail to provide an adequate justification for the hours or rates assigned to the

16    audit. (*Id.*) Defendants also cite Exhibit One, which purports to show instances of excessive

17    clerical work performed by Plaintiffs' counsel in the total amount of $31,431.33. (*Id.* at 19–22.)

18    In response, Plaintiffs argue most of the entries Defendants challenge as clerical work are

19    entries for time spent completing the audit of Defendants' timekeeping and payroll records used

20    to prepare a damage analysis for the mediation. (ECF No. 39 at 4.) Plaintiffs contend this is not

21    clerical work, as "Plaintiffs were required to post employee timecards and payroll information

22    from check stubs and Excel spreadsheets to complete a damage analysis for mediation." (*Id.*)

23    Plaintiffs further contend the in-house audit was more cost effective than hiring a third party to

24    complete the work. (*Id.* at 5; ECF No. 39-1 at 2.) Plaintiffs emphasize they did not bill attorney

25    rates for any work performed on the audit and instead billed no more than the standard paralegal

26    rate of $125. (ECF No. 39 at 5.) Plaintiffs also argue that the entries for "Accurint research

27    fees," "postage for checks to clients," and making copies are billed as recoverable costs — not

28    fees. (*Id.*)

1  "[A] reasonable attorney's fee" only encompasses "work product of an attorney," not *any*

2  work an attorney personally performs. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989).

3  The term "attorney's fees" thus embraces the fees of paralegals as well as attorneys. *Richlin Sec.*

4  *Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (citing *Jenkins*, 491 U.S. at 285).  However,

5  attorneys and paralegals may not legitimately bill for clerical or secretarial work. *Lema v.*

6  *Comfort Inn Merced*, No. 1:10–CV–01131–SMS, 2014 WL 1577042, at *6 (E.D. Cal. 2014)

7  (citing *Jenkins*, 491 U.S. at 288 n.10).  "It is appropriate to distinguish between legal work, in the

8  strict sense, and investigation, clerical work, compilation of facts and statistics and other work

9  which can often be accomplished by nonlawyers[.]" *Id.*  Additionally, "the court should disallow

10  . . . hours expended by counsel on tasks that are easily delegable to non-professional assistance."

11  *Id.* (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 533 (7th Cir. 1999)).

12       In the instant case, Plaintiffs fail to explain how the approximately 248.5 hours spent on

13  the audit constitutes "work product of an attorney." *Jenkins*, 491 U.S. at 285.  Plaintiffs' only

14  explanation for the type of work involved in the audit is that it required them "to post employee

15  timecards and payroll information from check stubs and excel spreadsheets provided by

16  Defendants in order to complete the damage analysis for mediation."  (ECF No. 39 at 4.)  This is

17  insufficient to show that the audit involved work product of an attorney, as opposed to mere data

18  entry.  Notably, Plaintiffs concede the audit is work that Plaintiffs have previously delegated out

19  to certified public accountants and forensic consultants, which suggests non-lawyers could have

20  completed the audit.  (*Id.* at 5.)  Based on Plaintiffs' very limited briefing on the issue and lack of

21  evidence about the type of work involved in the audit, Plaintiffs fail to persuade the Court that

22  time spent on the audit is recoverable as attorneys' fees.

23       Accordingly, the Court declines to award Plaintiffs any attorneys' fees related to the audit,

24  which results in a reduction in the amount of $27,482.50 ($8,220 for Anaeli Becerra (82.2 hours

25  at $100 per hour rate) + $13,162.50 for Karla Donis (105.3 hours at $125 per hour rate) + $6,100

26  for Noah Talamentes (61 hours at $100 per hour rate)).

27  ///

28  ///

7

1    *ii.     Duplicative Work*

2          Defendants argue Plaintiffs' request includes fees incurred by two separate offices and

3    seven different attorneys.  (ECF No. 37 at 12.)  Defendants argue Plaintiffs' billing invoices

4    include at least 58.6 hours of worked attributable to duplicative/overstaffed efforts.  (*Id.*)

5    Defendants attach Exhibit Two, which purports to show instances of duplicative work in the total

6    amount of $30,976.51.  (*Id.* at 24–36.)

7          In response, Plaintiffs argue Defendants characterization of the case as "overstaffed" does

8    not account for attorney turnover and attorney employment at a reduced capacity in this case.

9    (ECF No. 39 at 6.)  Plaintiffs further argue most of the entries challenged by Defendants

10   constitute time co-counsel spent conferring with each other via email regarding different filings

11   and other case developments that were necessary to coordinate efforts in resolving the case.  (*Id.*)

12   Plaintiffs also note that some of the entries challenged by Defendants are for costs and are thus

13   not duplicative fees.  (*Id.*)

14         Defendants fail to persuade the Court that Plaintiffs' counsel engaged in duplicative work.

15   Defendants appear to argue the involvement of seven attorneys over the course of the litigation

16   necessarily leads to the conclusion that Plaintiffs' counsel engaged in duplicative work.

17   Defendants do not provide sufficient evidence or argument for the Court to take such a leap.

18   Instead, Defendants merely cite to 12 pages of billing records with no annotations or analysis to

19   suggest that any entry is duplicative as opposed to necessary communication between counsel.

20   Accordingly, the Court declines to reduce hours as being duplicative.

21   *iii.     Work on Fee Motion*

22         Defendants argue the settlement agreement does not authorize an award of attorneys' fees

23   for work associated with the instant motion.  (ECF No. 37 at 13.)  Defendants further argue

24   Plaintiffs are not entitled to recover fees and costs incurred because of their own failure to engage

25   in good faith efforts to negotiate the fees.  (*Id.* at 13–14.)  Defendants attach Exhibit Three, which

26   purports to highlight instances of work on the instant motion performed by Plaintiffs' counsel in

27   the total amount of $19,470.  (*Id.* at 38–41.)

28   ///

In response, Plaintiffs argue Rule 23 grants the Court authority to award fees that are authorized by law and Plaintiffs are entitled to fees and costs under various provisions of the California Labor Code.  (ECF No. 39 at 6.)

The settlement agreement in this case indicates the attorneys' fee award "will compensate Class Counsel for all of the work already performed in the Action and all work remaining to be performed in securing Court approval of the Settlement Agreement, administering the settlement, ensuring that the settlement is fairly administered and implemented, obtaining dismissal of the Action with prejudice, and defending against any appeals, as well as all associated expenses." (ECF No. 37 at 5.)  A reasonable interpretation of this provision is that Class Counsel is entitled to expenses incurred in seeking attorneys' fees.  *See Ketchum*, 24 Cal. 4th at 1133 ("[A]n attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee.").  Moreover, the Court has already found that Plaintiffs acted in good faith in relation to their fee request.  Therefore, the Court declines to reduce hours related to bringing the instant motion.

### iv.     Work that Never Came to Fruition

Lastly, Defendants argue Plaintiffs are not entitled to recover fees for work associated with briefing a motion that was never ruled on or intake with potential class members that did not become class representatives or provide evidence in this case.  (ECF No. 37 at 14.)  Defendants attach Exhibit Four, which purports to show instances of work performed by Plaintiffs' counsel that never came to fruition in the total amount of $14,457.50.  (*Id.* at 43–45.)

In response, Plaintiffs argue that their motion to enforce the settlement agreement — though never ruled on — served its intended purpose of forcing Defendants to finalize the long-form settlement agreement.  (ECF No. 39 at 7.)  Plaintiffs add that the interviews of various Class Members provided facts that were crucial in finalizing the mediation brief and helped during mediation.  (*Id.* at 7–8.)

The Court finds Plaintiffs has sufficiently justified the hours spent on their motion to enforce the settlement agreement and interviews with potential class members.  The only case Defendants cite to support the contention that the Court should strike these fees is this Court's

9

1   decision in *Johnson v. Yates*, No. 2:14-CV-01189-TLN-EFB, 2017 WL 3438737 (E.D. Cal. Aug.

2   10, 2017).  (ECF No. 37 at 14.)  However, *Johnson* is distinguishable.  In *Johnson*, the Court

3   struck 10 hours billed for drafting a reply brief that was never filed and for travelling to and

4   arguing at a hearing that was never held.  2017 WL 3438737, at *2.  In contrast, Plaintiffs in the

5   instant case did file their motion and have persuaded the Court that there was good cause to do so.

6          In sum, the Court has reviewed Plaintiffs' billing records for insufficient documentation or

7   excessive charges.  After careful review, the Court finds Plaintiffs' records adequately reflect the

8   work product's general subject matter and sufficiently note how the time was spent.  Accordingly,

9   the Court finds Plaintiffs' documentation is sufficient and the hours are not excessive.

10         Accordingly, after making the reduction for work on the audit, the Court finds a lodestar

11  amount of $196,346.75 to be reasonable ($223,829.25 - $27,482.50).

12                    C.    Multiplier

13         Plaintiffs seek the application of a 1.25 multiplier to the lodestar amount.  (ECF No. 35-1

14  at 25–26.)  The Court has considered the equitable considerations outlined in *Kerr* in its lodestar

15  calculations and whether further adjustment is needed.  *See Kerr*, 526 F.2d at 70.  In doing so, the

16  Court was mindful of precedent establishing the "strong presumption that the lodestar figure

17  represents a reasonable fee."  *Jordan*, 815 F.2d at 1262.  An upward adjustment of the lodestar is

18  appropriate only in extraordinary cases, such as when an attorney faced exceptional risks of not

19  prevailing or not recovering any fees.  *Chalmers*, 796 F.2d at 1212.

20         In the instant matter, no upward adjustment of the above amount is necessary.  While

21  Plaintiffs' counsel did obtain a positive result, that result is not "exceptional" nor is it borne out of

22  "exceptional effort[s]" by counsel.  *Graham v. Daimler Chrysler Corp.*, 34 Cal. 4th 553, 582

23  (2004).  This case similarly did not present any novel or difficult issues and, in the Court's

24  opinion, was not high risk.  Moreover, while Plaintiffs' counsel elected to accept the matter on a

25  contingency basis, thus assuming some risk and deferring payment, if any, until the conclusion of

26  the matter, this is subsumed in the Court's lodestar calculation.  Therefore, the lodestar value

27  represents the fair market value of this particular action.  *See Ketchum v. Moses*, 24 Cal. App. 4th

28  1122, 1132 (2001).

1    D.    Costs

2         Plaintiffs seek various costs totaling $8,859.37.  (ECF No. 35-1 at 26.)  In opposition,

3    Defendants argue Plaintiffs are only entitled to costs as set forth in 28 U.S.C. § 1920 ("§ 1920").

4    (ECF No. 37 at 15.)  Defendants therefore argue the costs requested by Plaintiffs are disallowed,

5    except for the filing fee of $400.  (*Id.*)  In response, Plaintiffs argue their requested costs are

6    recoverable pursuant to several provisions of the California Labor Code.  (ECF No. 39 at 8.)

7         "[T]he Ninth Circuit determined an award of costs in the district court is governed by

8    Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases."

9    *Durham v. FCA US LLC*, No. 2:17-CV-00596-JLT, 2020 WL 243115, at *12 (E.D. Cal. Jan. 16,

10   2020); *see Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1026–27 (N.D. Cal. 2010)

11   (holding Fed. R. Civ. P. 54(d) governs the award of costs rather than Cal. Lab. Code § 218.5

12   because the awarding of costs is procedural, not substantive); *see also Andresen v. Int'l Paper*

13   *Co.*, No. 1:13-cv-02079-CAS, 2015 WL 3648972, at *3 (C.D. Cal. June 10, 2015) (following

14   *Drumm*).  "The Supreme Court explained that 28 U.S.C. § 1920 defines the term 'costs' as used

15   in Rule 54(d)."  *Durham*, 2020 WL 243115, at *13 (quoting *Crawford Fitting Co. v. J.T.*

16   *Gibbons, Inc.*, 482 U.S. 437, 441 (1987)) (internal quotation marks omitted).

17        In their motion, Plaintiffs string cite various district court cases to support the broad

18   contention that courts routinely approve reimbursements for the types of costs Plaintiffs seek.

19   (ECF No. 35-1 at 26.)  In response to Defendants' argument about § 1920, Plaintiffs cite various

20   California Labor Code sections and *Kempf v. Barrett Bus. Servs., Inc.*, No. C-06-3161 SC, 2007

21   WL 4167082 (N.D. Cal. Nov. 20, 2007), *aff'd*, 336 F. App'x 658 (9th Cir. 2009).  (ECF No. 39 at

22   8.)  None of the authority Plaintiffs cite addresses the interplay between the California Labor

23   Code and § 1920.  Put simply, neither Plaintiffs' motion nor reply contain any meaningful

24   analysis on the issue of costs.  Therefore, Plaintiffs have not persuaded the Court that they are

25   entitled to costs other than the $400 filing fee.

26        Accordingly, the Court GRANTS Plaintiffs' request for costs as to the $400 filing fee and

27   DENIES Plaintiffs' request for costs in all other respects.

28   ///

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Attorneys' Fees (ECF No. 35) is hereby GRANTED in part and DENIED in part as follows:

1.  The Court GRANTS Plaintiffs' request for attorneys' fees in the reduced amount of $196,346.75; and

2.  The Court GRANTS Plaintiffs' request for costs as to the $400 filing fee and DENIES Plaintiffs' request for costs in all other respects.

IT IS SO ORDERED.

**DATE:  April 17, 2023**

Troy L. Nunley
United States District Judge